**UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK**

| | |
|---|---|
| SECURITIES AND EXCHANGE COMMISSION,<br><br>                    Plaintiff,<br><br>    vs.<br><br>ANATOLY HURGIN, ALEXANDER AUROVSKY, ABILITY COMPUTER & SOFTWARE INDUSTRIES LTD, AND ABILITY INC.,<br><br>                    Defendants. | Case No. 1:19-cv-05705-MKV |

**REQUEST FOR INTERNATIONAL JUDICIAL ASSISTANCE PURSUANT TO THE HAGUE CONVENTION ON THE TAKING OF EVIDENCE ABROAD IN CIVIL OR COMMERCIAL MATTERS. 28 U.S.C. § 1781**

The United States District Court for the Southern District of New York presents its compliments to the appropriate judicial authority of the State of Israel and requests international judicial assistance to obtain evidence to be used in the above-captioned civil proceeding before this Court.[1]

It would further the interests of justice if certain witnesses, each of whom has a legal residence in Israel, gave trial testimony, under oath, as to their knowledge of the facts relevant to the issues of this civil proceeding. Those witnesses are: (i) Eyal Szewach; (ii) Zohar Avraham; (iii) Hagai Yedid; (iv) Evyatar Cohen; (v) Arik Goldstein; (vi) Avi Levin; (vii) Shimon Zigdon; (viii) Efraim Halevy; (ix) Meir Moshe; (x) Amnon Dick; (xi) Amos Malka; and (xiii) Shalom Singer.

This Court requests that the Central Authority, pursuant to Article 2 of the Hague Convention on the Taking of Evidence Abroad in Civil or Commercial Matters, T.I.A.S. 7444, 23 U.S.T. 2555 (1972) (the "Convention"), transmit this Letter of Request to the authority competent to execute it. Pursuant to Article 10 of the Convention, the competent authority should direct that the Witnesses appear before it to give sworn testimony for use at trial.

**I.  SECTION I.**

    1.  **SENDER**

        Hon. Mary Kay Vyskocil
        U.S. District Court Judge
        Daniel Patrick Moynihan U.S. Courthouse
        500 Pearl Street
        New York, New York 10007-1312
        United States of America

---

[1] Pursuant to Article 4 of the Hague Convention on the Taking of Evidence Abroad in Civil or Commercial Matters, T.I.A.S. 7444, 23 U.S.T. 2555 (1972), a Hebrew translation accompanies the original English-language version of this Letter of Request. In accordance with Article 1 of the Convention, this is a civil matter in a civil court proceeding; it is not an administrative proceeding.

2. <u>**CENTRAL AUTHORITY OF THE REQUESTED STATE**</u>

   Director of the Courts Courts' Directorate
   22 Kanfei Nesharim, Jerusalem
   Tel. (02) 6556789
   Fax. (02) 6556705

3. <u>**PERSON TO WHOM EXECUTED REQUEST IS TO BE RETURNED**</u>

   Clerk of the Court
   United States District Court for the Southern District of New York
   Daniel Patrick Moynihan U.S. Courthouse
   500 Pearl Street
   New York, New York 10007-1312
   United States of America

II. <u>**SECTION II.**</u>

4. <u>**IN CONFORMITY WITH ARTICLE 3 OF THE CONVENTION, THE UNDERSIGNED APPLICANT HAS THE HONOR TO SUBMIT THE FOLLOWING REQUEST:**</u>

5(a). <u>**REQUESTING JUDICIAL AUTHORITY (ARTICLE 3(a))**</u>

   United States District Court for the Southern District of New York
   Daniel Patrick Moynihan U.S. Courthouse
   500 Pearl Street
   New York, New York 10007-1312
   United States of America

5(b). <u>**TO THE COMPETENT AUTHORITY OF ISRAEL (ARTICLE 3(a))**</u>

   Director of the Courts
   Courts' Directorate
   22 Kanfei Nesharim, Jerusalem
   Tel. (02) 6556789
   Fax. (02) 6556705

5(c). <u>NAMES AND ADDRESSES OF THE PARTIES AND THEIR REPRESENTATIVES (ARTICLE 3(b))</u>

The evidence requested relates to a civil proceeding before the requesting judicial authority: *Securities and Exchange Commission v. Anatoly Hurgin, et al.*, Case No. 1:19-cv-05705-MKV, in the United States District Court for the Southern District of New York. The joint applicants for this Letter of Request are plaintiff Securities and Exchange Commission and defendants Anatoly Hurgin and Alexander Aurovsky.

(a) Plaintiff.  Securities and Exchange Commission
444 S. Flower Street, Suite 900
Los Angeles, California 90078
United States of America

Represented by:
Donald W. Searles
Jennifer T. Calabrese
Ansu N. Banerjee
Attorneys for the Securities and Exchange Commission

(b) Defendants:  Anatoly Hurgin and Alexander Aurovsky

Represented by:
Jason Gottlieb
Edward P. Gilbert
Daniel C. Isaacs
Morrison Cohen LLP
909 Third Avenue
New York, New York 10022
United States of America

6. <u>NATURE AND PURPOSE OF THE PROCEEDINGS AND SUMMARY OF THE FACTS</u>

The Securities and Exchange Commission is the United States agency charged, among other things, with the civil enforcement of the federal

3

securities laws of the United States of America. The Complaint filed by the Commission in this civil proceeding alleges that defendants Anatoly Hurgin ("Hurgin") and Alexander Aurovsky ("Aurovsky") violated the antifraud and proxy solicitation provisions of the Securities Act of 1933 ("Securities Act") and the Securities Exchange Act of 1934 ("Exchange Act"), in connection with Ability Computer & Software Industries, Ltd.'s ("ASCI") December 2015 merger with Cambridge Capital Acquisition Corporation ("Cambridge"), a U.S. publicly-traded special purpose acquisition company.

Summary of the Complaint's Allegations and Defendants' Response

In December 2015, Cambridge completed a business combination with ASCI. Hurgin was ACSI's cofounder, co-owner, and CEO; Aurovsky was ACSI's co-founder, co-owner, and CTO. In the months leading up to the business combination, Cambridge and ACSI engaged numerous professionals and firms to perform due diligence, economic analysis, and other analysis related to the prospective deal. As set forth below in Section 7, many of these professionals were (and remain) located in Israel.

In sum, the Commission's Complaint alleges that defendants made material misrepresentations and/or misleading omissions of fact in connection with the business combination concerning the following topics: (i) the ownership and development of one the products marketed by ASCI, known as ULIN; (ii) ASCI's backlog of existing customer orders and pipeline of probable future orders; (ii) that 80% of ASCI's backlog was with a Latin American police agency, based only on oral agreements, with management who had been terminated as a result of the then-recent prison escape of a notorious international narcotics trafficker; and (4) management representation letters signed by defendants, which were provided to ASCI's auditor in connection with the issuance of the Form S-4 registration statement.

Defendants deny all of the Commission's allegations of wrongdoing, deny that they made (or are otherwise legally responsible for) any material misrepresentations

4

or omissions of fact, and deny that they violated the U.S. federal securities laws.

    7.    <u>EVIDENCE TO BE OBTAINED (ARTICLE 3(d))</u>

The taking of trial testimony of the following twelve witnesses: (i) Eyal Szewach; (ii) Zohar Avraham; (iii) Hagai Yedid; (iv) Evyatar Cohen; (v) Arik Goldstein; (vi) Avi Levin; (vii) Shimon Zigdon; (viii) Efraim Halevy; (ix) Meir Moshe; (x) Amnon Dick; (xi) Amos Malka; and (xii) Shalom Singer. None of these witnesses is a defendant and each of them is intended to be a fact witness only. The Commission is not seeking any relief from the witnesses in this or any other proceeding.

**III.**    <u>**SECTION III.**</u>

    8.    <u>IDENTITY AND ADDRESS OF PERSONS TO BE EXAMINED (ARTICLE 3(e))</u>

Eyal Szewach
Partner, Prometheus Financial Advisory
c/o Yuval Sasson, Esq.
Meitar Law Firm
16 Abba Hillel Silver Rd.
Ramat Gan, Israel 5250608
+972-3-610-3190
ysasson@meitar.com

Zohar Avraham
Senior Consultant, Economics Partners, LLC
38 Hativat Golani Street
Raanana, Israel 43333
+972-73-727-3600
office@sca2000.com
c/o David Hadar, Esq.
Shibolet Law Firm
Museum Tower, Berkowitz St 4
Tel Aviv-Yafo, 6423806
+972 3-777-8333
D.Hadar@shibolet.com

Hagai Yedid
Former EVP, Migdal Investment Banking
32A Habarzel St.
Tel Aviv, Israel 6971047
+972-3-685-8555
hyedid@gmail.com

Evyatar Cohen
CFO, Ability Inc.
c/o Hadar Israeli, Esq.
Barnea Jaffa Lande & Co. Law Offices
58 HaRakevet St.
Tel Aviv, Israel 6777016
+972 3 6400600
Mobile +972 50 4070074
hisraeili@barlaw.co.il

Arik Goldstein
+972-54-834-7798
arikgold@gmail.com
c/o Yuval Sasson, Esq.
Meitar Law Firm
16 Abba Hillel Silver Rd.
Ramat Gan, Israel 5250608

Avi Levin
Former CFO, Ability Inc.
c/o Keith Fleischman, Esq.
Joshua Glatter, Esq
Fleischman Bonner and Rocco LLP
81 Main Street, Suite 515
White Plains, NY 10601
United States of America

Shimon Zigdon
CEO, Assac Networks Ltd
150 Menachem Begin St.
WE TLV Building, 3rd Floor
Tel Aviv, Israel 6492127
+972-3-738-2119
+972-54-464-9204

info@assacnetworks.com
szigdon@013.net
shimon@assacnetworks.com

Efraim Halevy

Former Ability Board member

c/o Dr. Shachar Hadar, Esq.
Meitar Law Firm
16 Abba Hillel Silver Rd.
Ramat Gan, Israel 5250608
+972-3-610-3961

Meir Moshe

Former Ability Board member

c/o Michael A. Charish, Esq.
Charish Law Group P.C.
347 Fifth Avenue, Suite 1402
New York, New York 10016
U.S.       646.328.0183
Israel    +972.77.261.6183
Mobile  +972.52.655.9648

Amnon Dick

Former Ability Board member

c/o Michael A. Charish, Esq.
Charish Law Group P.C.
347 Fifth Avenue, Suite 1402
New York, New York 10016
U.S.         646.328.0183
Israel    +972.77.261.6183
Mobile  +972.52.655.9648

Amos Malka

Former Ability Board member

c/o Michael A. Charish, Esq.
Charish Law Group P.C.
347 Fifth Avenue, Suite 1402
New York, New York 10016
U.S.         646.328.0183
Israel    +972.77.261.6183
Mobile  +972.52.655.9648

Shalom Singer

Former Ability Board member

c/o Michael A. Charish, Esq.
Charish Law Group P.C.
347 Fifth Avenue, Suite 1402
New York, New York 10016

```
U.S.      646.328.0183
Israel   +972.77.261.6183
Mobile  +972.52.655.9648
```

9. **SUBJECT-MATTER ABOUT WHICH THE PERSONS ARE TO BE EXAMINED (ARTICLE 3(0)**

It is requested that the Witnesses give testimony pertaining to the following subject matters:

**Eyal Szewach:** Mr. Szewach is a principal of Prometheus Financial Advisory Ltd., which prepared a fairness opinion that was included in the Proxy Statement and is a subject matter of Plaintiff's complaint. The parties expect Mr. Szewach to give testimony concerning:

- His communications with defendants regarding the information contained in the Prometheus fairness opinion, which included representations concerning ACSI's backlog and pipeline.

- His communications with Cambridge and the parties' hired professionals regarding the information contained in the Prometheus fairness opinion.

- The factual basis for the statements that Prometheus made in the Prometheus fairness opinion.

**Zohar Avraham:** Mr. Avraham is a principal of Economics Partners LLC, which prepared a quality of earnings report concerning ACSI and is a subject matter of Plaintiff's complaint. The parties expect Mr. Avraham to give testimony concerning:

- His communications with defendants regarding the information contained in the Economics Partners' report, which included representations concerning ACSI's backlog and pipeline.

- His communications with Cambridge and the parties' hired professionals regarding the information contained in the Prometheus fairness opinion.

- The factual basis for the statements that Economics Partners LLC made in its quality of earnings report.

**Hagai Yedid:** Mr. Yedid was ACSI's principal contact at Migdal Capital Markets.  The parties expect Mr. Yedid to give testimony about:

- His role, and the role of Migdal Capital Markets, in connection with the business combination.
- All of the information (and the source thereof) that Mr. Yedid and his firm transmitted to Cambridge and its professionals.
- Mr. Yedid's and his firm's communications with defendants regarding ACSI's business model, financial information, financial projections, and financial models transmitted to Cambridge.
- Mr. Yedid's and his firm's communications with Cambridge and the parties' hired professionals regarding ACSI's business model, financial information, financial projections, and financial models.
- His personal knowledge concerning the factual allegations in the complaint.

**Evyatar Cohen:**  Mr. Cohen was ACSI's controller.  The parties expect Mr. Cohen to give testimony about:

- ACSI's financial condition prior to the business combination.
- His communications with defendants regarding the information he and others transmitted to Cambridge.
- His communications with Cambridge and the parties' hired professionals regarding ACSI's business model, financial information, financial projections, and financial models.
- His personal knowledge concerning the factual allegations in the complaint.

**Arik Goldstein:** Mr. Goldstein is a former salesperson for ACSI who was principally responsible for ACSI's business with the Latin American Police Agency that is a subject matter of Plaintiff's complaint. The parties expect Mr. Goldstein to give testimony about:

9

- His personal knowledge of ACSI's business with the Latin American Police Agency.
- His communications with ACSI's sales agent in Mexico.
- His communications with defendants about the nature and quality of ACSI's backlog and pipeline in Mexico.
- His communications with Cambridge and its hired professionals about the nature and quality of ACSI's backlog and pipeline in Mexico.

**Avi Levin:** Mr. Levin is the former CFO of ACSI. The parties expect Mr. Levin to give testimony about:

- His personal knowledge concerning ACSI's business model and financial condition prior to the business combination.
- His communications with defendants concerning ACSI's financial condition prior to its merger with Cambridge.
- His communications with Cambridge and its hired professionals prior to its merger with Cambridge.
- His personal knowledge concerning the representations made to Cambridge's investors and potential investors in 2015
- His personal knowledge concerning the factual allegations in the complaint.

**Shimon Zigdon:** Mr. Zigdon is the CEO of Assac Networks, Ltd., which was retained by Cambridge in connection with the business combination to analyze the technology and market position of ASCI that is a subject matter of Plaintiff's complaint. The parties expect Mr. Zigdon to give testimony about:

- His communications with defendants about ACSI.
- His communications with Cambridge and its hired professionals about ACSI.
- Any reports created by him or Assac Networks, Ltd. in connection with the business combination.

- His personal knowledge of ACSI's business model, sales model, relationship to the products ACSI sells and markets, market position, and its in-house research and development capabilities.

**Efraim Halevy:** Mr. Halevy is a former member of the board of Ability, Inc. The parties expect Mr. Halevy to give testimony about:

- His communications with defendants concerning the financial performance of Ability, Inc.
- Reasons why he resigned from the Board of Directors.

**Meir Moshe:** Mr. Moshe is a former member of the board of Ability, Inc. The parties expect Mr. Moshe to give testimony about:

- His communications with defendants concerning the financial performance of Ability, Inc.
- Reasons why he resigned from the Board of Directors.

**Amnon Dick:** Mr. Dick is a former member of the board of Ability, Inc. The parties expect Mr. Dick to give testimony about:

- His communications with defendants concerning the financial performance of Ability, Inc.
- Reasons why he resigned from the Board of Directors.

**Amos Malka:** Mr. Malka is a former member of the board of Ability, Inc. The parties expect Mr. Malka to give testimony about:

- His communications with defendants concerning the financial performance of Ability, Inc.
- Reasons why he resigned from the Board of Directors.

**Shalom Singer:** Mr. Singer is a former member of the board of Ability, Inc. The parties expect Mr. Singer to give testimony about:

- His communications with defendants concerning the financial performance of Ability, Inc.
- Reasons why he resigned from the Board of Directors.

To the extent additional information about the subject matter about which the Witnesses are to be examined is required, the attorneys for the Commission, and the attorneys for defendants Hurgin and Aurovsky, will be pleased to provide it.

10. <u>REQUIREMENT THAT THE EVIDENCE BE GIVEN ON OATH OR AFFIRMATION AND ANY SPECIAL FORM TO BE USED (ARTICLES 3(h) and 9)</u>

This Court requests that the trial testimony of the Witnesses be taken under oath before an officer authorized to administer oaths under the laws of the State of Israel. This Court further requests that the testimony be given under the following oath: "I, [the Witness' Name], swear or affirm that the testimony that I am about to give is the truth, the whole truth and nothing but the truth."

11. <u>SPECIAL METHODS OR PROCEDURES TO BE FOLLOWED (ARTICLES 3(i), 8 and 9)</u>

This Court requests that the competent authority, at the execution of this Letter of Request, permit the parties or their representatives to be present, either physically or remotely, at the location of each witness for all of the depositions being sought herein, and permit the parties or their representatives to examine and cross-examine the Witnesses as permitted at trial under the United States Federal Rules of Evidence and in accordance with the Federal Rules of Civil Procedure in effect in the federal courts in the United States or in such manner as provided by local law for the formal taking of testimony. The attorneys for the Commission, and the attorneys for defendants Hurgin and Aurovsky, are hereby appointed commissioners for the purpose of taking the trial testimony of the Witnesses. This Court requests that the testimony be transcribed by a commercial stenographer and videotaped. A verbatim transcript and videotape should be produced because the testimony will be taken for trial purposes. This Court requests that such documents as are presented to be identified by the witnesses be marked as

exhibits and attested, and that these exhibits be returned to this Court undercover duly sealed, at the address provided below.

    12.    <u>REQUEST FOR NOTIFICATION OF THE TIME AND PLACE FOR THE EXECUTION OF THE REQUEST (ARTICLE 7)</u>

The trial testimony of the Witnesses is to be taken on such a date and time as the parties may agree or the Israeli Court may order. If by order of the Israeli Court, please notify this Court and the parties directly.

    13.    <u>REQUEST FOR ATTENDANCE OR PARTICIPATION OF JUDICIAL PERSONNEL OF THE REQUESTING AUTHORITY AT THE EXECUTION OF THE LETTER OF REQUEST (ARTICLE 8)</u>

No judicial personnel expect to attend or participate at the execution of the Letter of Request. Of course, the stenographer, videographer and representatives of the parties will attend and participate as permitted by the competent authority.

    14.    <u>REQUEST FOR TRANSCRIPT AND EXHIBITS</u>

**Please send the original verbatim transcript of the deposition and any documents marked as exhibits to:**

>Clerk of the Court
>United States District Court for the Southern District of New York
>Daniel Patrick Moynihan U.S. Courthouse
>500 Pearl Street
>New York, New York 10007-1312
>United States of America

    15.    <u>FEES AND COSTS (ARTICLES 14 and 26)</u>

The fees and costs incurred that are reimbursable under the second paragraph of Article 14 or under Article 26 of the Convention will be borne

equally by the plaintiff and defendants, on whose behalf this Letter of Request is jointly made.

16. <u>DATE OF CLOSE OF FACT DISCOVERY</u>

The close of fact discovery is set for August 31, 2021. No trial date has been set in this matter.

17. <u>REQUESTED RESPONSE DATE TO THIS REQUEST</u>

The United States District Court for the Southern District of New York respectfully request that this request be acted upon with all deliberate speed such that the trial testimony of the Witnesses may be taken in well in advance of the close of fact discovery, set for August 31, 2021

IV. <u>SECTION IV.</u>

In the spirit of international comity and reciprocity, this Court hereby requests international judicial assistance as set forth in this Letter of Request seeking the trial testimony of: (i) Eyal Szewach; (ii) Zohar Avraham; (iii) Hagai Yedid; (iv) Evyatar Cohen; (v) Arik Goldstein; (vi) Avi Levin; (vii) Shimon Zigdon; (viii) Efraim Halevy; (ix) Meir Moshe; (x) Amnon Dick; (xi) Amos Malka; and (xii) Shalom Singer. This Court expresses its willingness to provide similar assistance to the appropriate judicial authorities of Israel to the extent allowed by 28 U.S.C. § 1782, if future circumstances so require.

Signature and seal of the requesting authority:

Dated: April 13, 2021

*Mary Kay Vyskocil*
Hon. Mary Kay Vyskocil
U.S. District Court Judge
Daniel Patrick Moynihan U.S. Courthouse
500 Pearl Street
New York, New York 10007-1312
United States of America