**UNITED STATES DISTRICT COURT**
**SOUTHERN DISTRICT OF NEW YORK**

| | |
|---|---|
| SECURITIES AND EXCHANGE COMMISSION,<br><br>               Plaintiff,<br><br>   vs.<br><br>ANATOLY HURGIN, ALEXANDER AUROVSKY, ABILITY COMPUTER & SOFTWARE INDUSTRIES LTD, AND ABILITY INC.,<br><br>               Defendants. | Case No. 1:19-cv-05705-MKV |

**REQUEST FOR INTERNATIONAL JUDICIAL ASSISTANCE PURSUANT TO THE HAGUE CONVENTION ON THE TAKING OF EVIDENCE ABROAD IN CIVIL OR COMMERCIAL MATTERS. 28 U.S.C. § 1781**

The United States District Court for the Southern District of New York presents its compliments to the appropriate judicial authority of Mexico and requests international judicial assistance to obtain evidence to be used in the above-captioned civil proceeding before this Court.[1]

It would further the interests of justice if certain witnesses, each of whom has a legal residence in Mexico, gave trial testimony, under oath, as to their knowledge of the facts relevant to the issues of this civil proceeding. Those witnesses are: (i) Gustavo Cardenas Moreno; and (ii) Alejandro ("Alex") Castillo.

This Court requests that the Central Authority, pursuant to Article 2 of the Hague Convention on the Taking of Evidence Abroad in Civil or Commercial Matters, T.I.A.S. 7444, 23 U.S.T. 2555 (1972) (the "Convention"), transmit this Letter of Request to the authority competent to execute it. Pursuant to Article 10 of the Convention, the competent authority should direct that the Witnesses appear before it to give sworn testimony for use at trial.

I.  **SECTION I.**

   1. **SENDER**

      Hon. Mary Kay Vyskocil
      U.S. District Court Judge
      Daniel Patrick Moynihan U.S. Courthouse
      500 Pearl Street
      New York, New York 10007-1312
      United States of America

   2. **CENTRAL AUTHORITY OF THE REQUESTED STATE**

      Ministry for Foreign Affairs Directorate
      General of Legal Affairs
      Plaza Juarez No. 20

---

[1] Pursuant to Article 4 of the Hague Convention on the Taking of Evidence Abroad in Civil or Commercial Matters, T.I.A.S. 7444, 23 U.S.T. 2555 (1972), a Spanish translation accompanies the original English-language version of this Letter of Request. In accordance with Article 1 of the Convention, this is a civil matter in a civil court proceeding; it is not an administrative proceeding.

       Planta Baja Col. Centro
       Alcaldia Cuauhtemoc C.P. 06010
       Ciudad de Mexico
       Mexico

3. **PERSON TO WHOM EXECUTED REQUEST IS TO BE RETURNED**

       Clerk of the Court
       United States District Court for the Southern District of New York
       Daniel Patrick Moynihan U.S. Courthouse
       500 Pearl Street
       New York, New York 10007-1312
       United States of America

## II. SECTION II.

4. **IN CONFORMITY WITH ARTICLE 3 OF THE CONVENTION, THE UNDERSIGNED APPLICANT HAS THE HONOR TO SUBMIT THE FOLLOWING REQUEST:**

5(a). **REQUESTING JUDICIAL AUTHORITY (ARTICLE 3(a))**

       United States District Court for the Southern District of New York
       Daniel Patrick Moynihan U.S. Courthouse
       500 Pearl Street
       New York, New York 10007-1312
       United States of America

5(b). **TO THE COMPETENT AUTHORITY OF MEXICO (ARTICLE 3(a))**

       Ministry for Foreign Affairs Directorate
       General of Legal Affairs
       Plaza Juarez No. 20
       Planta Baja Col. Centro
       Alcaldia Cuauhtemoc C.P. 06010
       Ciudad de Mexico
       Mexico

5(c). **NAMES AND ADDRESSES OF THE PARTIES AND THEIR REPRESENTATIVES (ARTICLE 3(b))**

The evidence requested relates to a civil proceeding before the requesting judicial authority: *Securities and Exchange Commission v. Anatoly Hurgin, et al.*, Case No. 1:19-cv-05705-MKV, in the United States District Court for the Southern District of New York. The joint applicants for this Letter of Request are plaintiff Securities and Exchange Commission and defendants Anatoly Hurgin and Alexander Aurovsky.

(a) Plaintiff.    Securities and Exchange Commission
444 S. Flower Street, Suite 900
Los Angeles, California 90078
United States of America

Represented by:
Donald W. Searles
Jennifer T. Calabrese
Ansu N. Banerjee
Attorneys for the Securities and Exchange Commission

(b) Defendants:    Anatoly Hurgin and Alexander Aurovsky

Represented by:
Jason Gottlieb
Edward P. Gilbert
Daniel C. Isaacs
Morrison Cohen LLP
909 Third Avenue
New York, New York 10022
United States of America

6. <u>NATURE AND PURPOSE OF THE PROCEEDINGS AND SUMMARY OF THE FACTS</u>

The Securities and Exchange Commission is the United States agency charged, among other things, with the civil enforcement of the federal securities laws of the United States of America. The Complaint filed by the

3

Commission in this civil proceeding alleges that defendants Anatoly Hurgin ("Hurgin") and Alexander Aurovsky ("Aurovsky") violated the antifraud and proxy solicitation provisions of the Securities Act of 1933 ("Securities Act") and the Securities Exchange Act of 1934 ("Exchange Act"), in connection with Ability Computer & Software Industries, Ltd.'s ("ASCI") December 2015 merger with Cambridge Capital Acquisition Corporation ("Cambridge"), a U.S. publicly-traded special purpose acquisition company.

Summary of the Complaint's Allegations and Defendants' Response

In December 2015, Cambridge completed a business combination with ASCI. Hurgin was ACSI's cofounder, co-owner, and CEO; Aurovsky was ACSI's co-founder, co-owner, and CTO. The Commission's Complaint alleges that defendants made material misrepresentations and/or misleading omissions of fact in connection with the business combination concerning the following topics: (i) the ownership and development of one the products marketed by ASCI, known as ULIN; (ii) ASCI's backlog of existing customer orders and pipeline of probable future orders; (ii) that 80% of ASCI's backlog was with a Latin American police agency, based only on oral agreements, with management who had been terminated as a result of the then-recent prison escape of a notorious international narcotics trafficker; and (4) management representation letters signed by defendants, which were provided to ASCI's auditor in connection with the issuance of the Form S-4 registration statement.

Defendants deny all of the Commission's allegations of wrongdoing, deny that they made (or are otherwise legally responsible for) any material misrepresentations or omissions of fact, and deny that they violated the U.S. federal securities laws.

7.   EVIDENCE TO BE OBTAINED (ARTICLE 3(d))

The taking of trial testimony of the following witnesses: (i) Gustavo Cardenas Moreno; and (ii) Alejandro ("Alex") Castillo.  Neither witness is a defendant and each of them is intended to be a fact witness only.  The

4

Commission is not seeking any relief from the witnesses in this or any other proceeding.

### III. SECTION III.

    8.    **IDENTITY AND ADDRESS OF PERSONS TO BE EXAMINED (ARTICLE 3(e))**

        Gustavo Cardenas Moreno
        Obses de Mexico SA de CV
        Sierra Mohinora 46
        Colonia Reforma Social
        11650, Miguel Hidalgo
        Ciudad de Mexico, Mexico

        Alejandro ("Alex") Castillo
        Obses de Mexico SA de CV
        Sierra Mohinora 46
        Colonia Reforma Social
        11650, Miguel Hidalgo
        Ciudad de Mexico, Mexico

    9.    **SUBJECT-MATTER ABOUT WHICH THE PERSONS ARE TO BE EXAMINED (ARTICLE 3(0))**

It is requested that the Witnesses give testimony pertaining to the following subject matters:

**Gustavo Cardenas Moreno:** During the relevant time period, Mr. Cardenas Moreno was an officer, director or employee of Obses de Mexico S.A. de C. V., a sales agent of ACSI, and was responsible for ACSI's business with the Latin American Police Agency that is a subject matter of Plaintiff's complaint. The parties expect Mr. Moreno to give testimony concerning:

- His personal knowledge of ACSI's business with the Latin American Police Agency.

- His communications with defendants and ACSI's employees concerning sales of ASCI's products in Mexico.

5

- His communications with defendants about the nature and quality of ACSI's backlog and pipeline in Mexico.
- His personal knowledge concerning the factual allegations in the complaint.

**Alejandro ("Alex") Castillo:** During the relevant time period, Mr. Castillo was an officer, director or employee of Obses de Mexico S.A. de C. V., a sales agent of ACSI, and was responsible for ACSI's business with the Latin American Police Agency that is a subject matter of Plaintiff's complaint. The parties expect Mr. Castillo to give testimony concerning:

- His personal knowledge of ACSI's business with the Latin American Police Agency.
- His communications with defendants and ACSI's employees concerning sales of ASCI's products in Mexico.
- His communications with defendants about the nature and quality of ACSI's backlog and pipeline in Mexico.
- His personal knowledge concerning the factual allegations in the complaint.

To the extent additional information about the subject matter about which the Witnesses are to be examined is required, the attorneys for the Commission, and the attorneys for defendants Hurgin and Aurovsky, will be pleased to provide it.

10. <u>REQUIREMENT THAT THE EVIDENCE BE GIVEN ON OATH OR AFFIRMATION AND ANY SPECIAL FORM TO BE USED (ARTICLES 3(h) and 9)</u>

This Court requests that the trial testimony of the Witnesses be taken under oath before an officer authorized to administer oaths under the laws of Mexico. This Court further requests that the testimony be given under the following oath: "I, [the Witness' Name], swear or affirm that the testimony that I am about to give is the truth, the whole truth and nothing but the truth."

11. <u>SPECIAL METHODS OR PROCEDURES TO BE FOLLOWED (ARTICLES 3(i), 8 and 9)</u>

This Court requests that the competent authority, at the execution of this Letter of Request, permit the parties or their representatives to be present, either physically or remotely, at the location of each witness for all of the depositions being sought herein, and permit the parties or their representatives to examine and cross-examine the Witnesses as permitted at trial under the United States Federal Rules of Evidence and in accordance with the Federal Rules of Civil Procedure in effect in the federal courts in the United States or in such manner as provided by local law for the formal taking of testimony. The attorneys for the Commission, and the attorneys for defendants Hurgin and Aurovsky, are hereby appointed commissioners for the purpose of taking the trial testimony of the Witnesses. This Court requests that the testimony be transcribed by a commercial stenographer and videotaped. A verbatim transcript and videotape should be produced because the testimony will be taken for trial purposes. This Court requests that such documents as are presented to be identified by the witnesses be marked as exhibits and attested, and that these exhibits be returned to this Court under cover duly sealed, at the address provided below.

12. <u>REQUEST FOR NOTIFICATION OF THE TIME AND PLACE FOR THE EXECUTION OF THE REQUEST (ARTICLE 7)</u>

The trial testimony of the Witnesses is to be taken on such a date and time as the parties may agree or the Mexico Court may order. If by order of the Mexico Court, please notify this Court and the parties directly.

13. <u>REQUEST FOR ATTENDANCE OR PARTICIPATION OF JUDICIAL PERSONNEL OF THE REQUESTING AUTHORITY AT THE EXECUTION OF THE LETTER OF REQUEST (ARTICLE 8)</u>

No judicial personnel expect to attend or participate at the execution of the Letter of Request. Of course, the stenographer, videographer and representatives of the parties will attend and participate as permitted by the competent authority.

14. REQUEST FOR TRANSCRIPT AND EXHIBITS

**Please send the original verbatim transcript of the deposition and any documents marked as exhibits to:**

> Clerk of the Court
> United States District Court for the Southern District of New York
> Daniel Patrick Moynihan U.S. Courthouse
> 500 Pearl Street
> New York, New York 10007-1312
> United States of America

15. FEES AND COSTS (ARTICLES 14 and 26)

The fees and costs incurred that are reimbursable under the second paragraph of Article 14 or under Article 26 of the Convention will be borne equally by the plaintiff and defendants, on whose behalf this Letter of Request is jointly made.

16. DATE OF CLOSE OF FACT DISCOVERY

The close of fact discovery is set for August 31, 2021. No trial date has been set in this matter.

17. REQUESTED RESPONSE DATE TO THIS REQUEST

The United States District Court for the Southern District of New York respectfully request that this request be acted upon with all deliberate speed such that the trial testimony of the Witnesses may be taken in well in advance of the close of fact discovery, set for August 31, 2021

8

## IV. SECTION IV.

In the spirit of international comity and reciprocity, this Court hereby requests international judicial assistance as set forth in this Letter of Request seeking the trial testimony of: (i) Gustavo Cardenas Moreno; and (ii) Alejandro ("Alex") Castillo. This Court expresses its willingness to provide similar assistance to the appropriate judicial authorities of Mexico to the extent allowed by 28 U.S.C. § 1782, if future circumstances so require.

Signature and seal of the requesting authority:

Dated: April 13, 2021

*Mary Kay Vyskocil*
Hon. Mary Kay Vyskocil
U.S. District Court Judge
Daniel Patrick Moynihan U.S. Courthouse
500 Pearl Street
New York, New York 10007-1312
United States of America