**UNITED STATES DISTRICT COURT**
**SOUTHERN DISTRICT OF NEW YORK**

---

SECURITIES AND EXCHANGE COMMISSION,

               Plaintiff,

   vs.

ANATOLY HURGIN, ALEXANDER
AUROVSKY, ABILITY COMPUTER &
SOFTWARE INDUSTRIES LTD, AND ABILITY
INC.,

               Defendants.

Case No. 1:19-cv-05705-MKV

---

### DECLARATION OF STEVEN DAVIDOFF SOLOMON IN SUPPORT OF PLAINTIFF'S MOTION FOR SUMMARY JUDGMENT

I, Steven Davidoff Solomon, declare pursuant to 28 U.S.C. § 1746 as follows:

1.      I submit this declaration in support of the Securities and Exchange Commission's motion for summary judgment against Anatoly Hurgin and Alexander Aurovsky.

2.      Unless specifically stated, I have personal knowledge of the matters set forth below and, if called as a witness, could and would testify competently thereto under oath.

3.      I am the Alexander F. and May T. Morrison Professor of Law at the University of California, Berkeley School of Law. I am also the Co-Director of the Berkeley Center for Law and Business. I teach or have taught classes in Business Associations, Capital Markets, Contracts, M&A, Securities Regulation and Law, Business & Accounting. I graduated from University of Pennsylvania in 1992 with a Bachelor of Arts degree. I have previously served as a visiting professor at the Buchmann Faculty of Law at Tel Aviv University and the Harry Radzyner Law

School at the Interdisciplinary Center in Herzliya, Israel. I received my J.D. from Columbia University School of Law in 1995, and a Masters of Finance from London Business School in 2005. I have been admitted to the New York bar since 1996.

4.      My academic research focuses on the intersection of law, economics, and finance with a particular focus on economic principles as applied to corporate law and governance, M&A, and capital markets, including issues relevant to disclosure and foreign private issuers ("FPIs").  I have written and been published extensively on these topics. I co-authored *Mergers and Acquisitions: Law, Theory, and Practice*, one of the leading casebooks on M&A.  In the past years, seven of my law review articles have been selected by scholars in the field as being among the "top ten" articles published in corporate and securities law in their respective years. Additionally, I have written for other national publications, such as *The Atlantic*, testified before the U.S. Senate, and frequently been quoted in the national media on issues related to capital markets and disclosure. Starting from 2007, I have been the author of a regular column for *The New York Times* as the "Deal Professor," which primarily focuses on corporate issues.

5.      Before becoming a law professor, I was a corporate attorney for almost a decade practicing at the law firm of Shearman & Sterling and the London law firm of Freshfields Bruckhaus Deringer. I practiced at Shearman from 1995 to 2002 and at Freshfields from 2002 to 2004. From 2000 to 2004 I practiced in London. In my practice, I regularly represented public companies, including FPIs, private companies, and other firms involved in a wide array of corporate matters. In all, I worked on over $100 billion worth of transactions. I also regularly advised corporate entities, including FPIs, on issues associated with disclosure requirements. As part of my practice, I also regularly advised clients on securities law issues, including customs and practices related to disclosure of non-public information by FPIs and U.S. public companies.

6.      I have been engaged by the Securities and Exchange Commission in the above-captioned matter and am prepared to offer the following expert opinions in this matter:

a.   *Opinion 1*: It is customary and usual practice for executive officers and directors to be knowledgeable of federal securities laws applicable to public company M&A transactions and to review the relevant SEC disclosure documents to ensure they are not false or misleading.

b.   *Opinion 2*: A controlling shareholder, director and executive officer of a publicly traded company would be expected under customary and usual practices to be knowledgeable of the company's finances, sales and contractual arrangements and to be able to review and sign-off on SEC disclosures related thereto.

c.   *Opinion 3*: A controlling shareholder, director and executive officer would not be expected under customary and usual practices to be willfully blind in execution of his or her duties and obligations, including the review of the disclosure documents in a public company M&A transaction.

7.      I have prepared a written report summarizing my opinions in this matter. A true and correct copy of my expert report is attached hereto as Exhibit 1.

I declare under the penalty that the foregoing is true and correct.

Executed this 3rd day of February, 2022, in Berkeley, California

*Steven Davidoff Solomon*
Steven Davidoff Solomon