UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

```
USDC SDNY
DOCUMENT
ELECTRONICALLY FILED
DOC #:_____
DATE FILED: 3/30/2023
```

SECURITIES AND EXCHANGE COMMISSION,

                Plaintiff,

    v.

ANATOLY HURGIN, ALEXANDER AUROVSKY, ABILITY COMPUTER & SOFTWARE INDUSTRIES LTD, AND ABILITY INC.,

                Defendants.

Case No. 1:19-cv-05705-MKV

**The parties represent that they jointly propose this judgment on consent.**

## FINAL JUDGMENT AS TO DEFENDANT ANATOLY HURGIN

The Securities and Exchange Commission having filed a Complaint and Defendant Anatoly Hurgin having entered a general appearance; consented to the Court's jurisdiction over Defendant and the subject matter of this action; consented to entry of this Final Judgment without admitting or denying the allegations of the Complaint (except as to jurisdiction and except as otherwise provided herein in paragraph X); waived findings of fact and conclusions of law; and waived any right to appeal from this Final Judgment:

### I.

IT IS HEREBY ORDERED, ADJUDGED, AND DECREED that Defendant is permanently restrained and enjoined from violating, directly or indirectly, Section 10(b) of the Securities Exchange Act of 1934 (the "Exchange Act") [15 U.S.C. § 78j(b)] and Rule 10b-5 promulgated thereunder [17 C.F.R. § 240.10b-5], by using any means or instrumentality of

interstate commerce, or of the mails, or of any facility of any national securities exchange, in connection with the purchase or sale of any security:

    (a)    to employ any device, scheme, or artifice to defraud;

    (b)    to make any untrue statement of a material fact or to omit to state a material fact necessary in order to make the statements made, in the light of the circumstances under which they were made, not misleading; or

    (c)    to engage in any act, practice, or course of business which operates or would operate as a fraud or deceit upon any person.

IT IS FURTHER ORDERED, ADJUDGED, AND DECREED that, as provided in Federal Rule of Civil Procedure 65(d)(2), the foregoing paragraph also binds the following who receive actual notice of this Judgment by personal service or otherwise: (a) Defendant's directors, officers, agents, servants, employees, and attorneys; and (b) other persons in active concert or participation with Defendant or with anyone described in (a).

## II.

IT IS HEREBY FURTHER ORDERED, ADJUDGED, AND DECREED that Defendant is permanently restrained and enjoined from violating Section 17(a) of the Securities Act of 1933 (the "Securities Act") [15 U.S.C. § 77q(a)] in the offer or sale of any security by the use of any means or instruments of transportation or communication in interstate commerce or by use of the mails, directly or indirectly:

    (a)    to employ any device, scheme, or artifice to defraud;

    (b)    to obtain money or property by means of any untrue statement of a material fact or any omission of a material fact necessary in order to make the statements

        made, in light of the circumstances under which they were made, not misleading;

        or

(c)    to engage in any transaction, practice, or course of business which operates or would operate as a fraud or deceit upon the purchaser.

IT IS FURTHER ORDERED, ADJUDGED, AND DECREED that, as provided in Federal Rule of Civil Procedure 65(d)(2), the foregoing paragraph also binds the following who receive actual notice of this Judgment by personal service or otherwise: (a) Defendant's directors, officers, agents, servants, employees, and attorneys; and (b) other persons in active concert or participation with Defendant or with anyone described in (a).

### III.

IT IS HEREBY FURTHER ORDERED, ADJUDGED, AND DECREED that Defendant is permanently restrained and enjoined from violating Section 14(a) of the Exchange Act [15 U.S.C. § 78n(a)] and Rule 14a-9 [17 C.F.R. § 240.14a-9] promulgated thereunder, by the use of any means or instruments of transportation or communication in interstate commerce or of any facility of a national securities exchange or otherwise, to solicit or to permit the use of their names to solicit any proxy or consent or authorization in respect to any security (other than an exempted security) registered pursuant to the Exchange Act, by means of any proxy statement, form of proxy, notice of meeting or other communication, written or oral, containing any statement which, at the time and in light of the circumstances under which it is made, is false or misleading with respect to any material fact, or which omits to state any material fact necessary in order to make the statement therein not false or misleading or necessary to correct any statement in any earlier communication with respect to the solicitation of a proxy for the same meeting or subject matter which has become false or misleading.

IT IS FURTHER ORDERED, ADJUDGED, AND DECREED that, as provided in Federal Rule of Civil Procedure 65(d)(2), the foregoing paragraph also binds the following who receive actual notice of this Judgment by personal service or otherwise: (a) Defendant's directors, officers, agents, servants, employees, and attorneys; and (b) other persons in active concert or participation with Defendant or with anyone described in (a).

## IV.

IT IS HEREBY FURTHER ORDERED, ADJUDGED, AND DECREED that, pursuant to Section 21(d)(2) of the Exchange Act [15 U.S.C. § 78u(d)(2)] and Section 20(e) of the Securities Act [15 U.S.C. § 77t(e)], Defendant is prohibited from acting as an officer or director of any issuer that has a class of securities registered pursuant to Section 12 of the Exchange Act [15 U.S.C. § 78l] or that is required to file reports pursuant to Section 15(d) of the Exchange Act [15 U.S.C. § 78o(d)].

## V.

IT IS HEREBY FURTHER ORDERED, ADJUDGED, AND DECREED that Defendant is liable for disgorgement of $9,075,000.00, representing net profits gained as a result of the conduct alleged in the Complaint, together with prejudgment interest thereon in the amount of $3,094,655.05, for a total of $12,169,655.05. This order of disgorgement (as well as the order of disgorgement set forth in the Final Judgment as to co-defendant Alexander Aurovsky) shall be deemed fully satisfied by the distribution of no less than $6,500,000.00 to the Commission from the funds held in the put escrow account at the Hermetic trust services 1939 (Ltd.) (the "Put Escrow Account") which distribution is subject to a motion by Ability's court-appointed trustee and approval of said motion by the Tel Aviv-Jaffe District Court (the "Israeli Bankruptcy Court") in the liquidation proceedings known as *In re Ability Inc.*, insolvency case number

39303-07-33 (the "Israel Liquidation").

The Commission foregoes any right to collect post-judgment interest on this award.

The Commission shall hold the funds (collectively, the "Fund") until further order of this Court. The SEC may propose a plan to distribute the Fund subject to the Court's approval, and the Court shall retain jurisdiction over the administration of any distribution of the Fund.

## VI.

IT IS HEREBY FURTHER ORDERED, ADJUDGED, AND DECREED that the asset freeze over the Put Escrow Account and the preliminary injunction entered in the Court's July 29, 2021 Order (Dkt. No. 90) shall be and hereby is modified for the sole purpose of permitting the Hermetic trust services 1939 (Ltd.) to transfer $6,500,000.00 from the Put Escrow Account directly to the Commission pursuant to the motion by the Court-appointed Trustee and the approval of said motion by the Israeli Bankruptcy Court.

The asset freeze over the Put Escrow Account and the preliminary injunction entered in the Court's July 29, 2021 Order (Dkt. No. 90) shall remain in force and effect until the Commission receives no less than $6,500,000.00 from the Put Escrow Account pursuant to the motion by the Court-appointed Trustee and the approval of said motion by the Israeli Bankruptcy Court. Upon the Court's acknowledgment of notice from the Commission that the Commission has received the $6,500,000.00 from the Put Escrow Account, then the asset freeze over the Put Escrow Account and the preliminary injunction entered in the Court's July 29, 2021 Order (Dkt. No. 90) shall be lifted.

## VII.

IT IS HEREBY FURTHER ORDERED, ADJUDGED, AND DECREED that subject to the approval by the Israeli Bankruptcy Court of the distribution of $6,500,000.00 from the Put

Escrow Account to the Commission, none of the funds held in the Put Escrow Account shall be distributed, directly or indirectly, to the Defendant, and Defendant shall not receive, directly or indirectly, any distribution in the Israeli Liquidation.

### VIII.

In the event Ability's court-appointed trustee fails to timely move the Israeli Bankruptcy Court for the approval of the distribution of $6,500,000.00 to the Commission, or that Israeli Bankruptcy Court fails to approve the court-appointed trustee's motion, the Commission may, at any time after 60 days of date of entry of the Final Judgment against Defendant, enforce the order of disgorgement against Defendant by using all collection procedures authorized by law, subject to the Commission's agreement that it will limit its collection procedures to the funds in the Put Escrow Account.

### IX.

IT IS HEREBY FURTHER ORDERED, ADJUDGED, AND DECREED that Defendant shall not oppose or take any legal or factual position in the Israeli Liquidation that would compromise the Commission's claim to the funds held in the Put Escrow Account or take any action to impede the Commission's collection efforts.

### X.

IT IS FURTHER ORDERED, ADJUDGED, AND DECREED that, solely for purposes of exceptions to discharge set forth in Section 523 of the Bankruptcy Code, 11 U.S.C. § 523, the allegations in the complaint are true and admitted by Defendant, and further, any debt for disgorgement, prejudgment interest, civil penalty or other amounts due by Defendant under this Final Judgment or any other judgment, order, consent order, decree or settlement agreement entered in connection with this proceeding, is a debt for the violation by Defendant of the federal

securities laws or any regulation or order issued under such laws, as set forth in Section 523(a)(19) of the Bankruptcy Code, 11 U.S.C. § 523(a)(19).

## XI.

IT IS FURTHER ORDERED, ADJUDGED, AND DECREED that this Court shall retain jurisdiction of this matter for the purposes of enforcing the terms of this Final Judgment.

## XII.

There being no just reason for delay, pursuant to Rule 54(b) of the Federal Rules of Civil Procedure, the Clerk is ordered to enter this Judgment forthwith and without further notice.

Dated:  March 30 , 2023

_Mary Kay Vyskocil_
THE HON. MARY KAY VYSKOCIL
UNITED STATES DISTRICT JUDGE

## PROOF OF SERVICE

I am over the age of 18 years and not a party to this action.  My business address is:

U.S. SECURITIES AND EXCHANGE COMMISSION,
444 S. Flower Street, Suite 900, Los Angeles, California 90071
Telephone No. (323) 965-3998; Facsimile No. (213) 443-1904.

On March 20, 2023, I caused to be served the document entitled **FINAL JUDGMENT AS TO DEFENDANT ANATOLY HURGIN** all the parties to this action addressed as stated on the attached service list:

☐ **OFFICE MAIL:**  By placing in sealed envelope(s), which I placed for collection and mailing today following ordinary business practices.  I am readily familiar with this agency's practice for collection and processing of correspondence for mailing; such correspondence would be deposited with the U.S. Postal Service on the same day in the ordinary course of business.

☐ **PERSONAL DEPOSIT IN MAIL:**  By placing in sealed envelope(s), which I personally deposited with the U.S. Postal Service.  Each such envelope was deposited with the U.S. Postal Service at Los Angeles, California, with first class postage thereon fully prepaid.

☐ **EXPRESS U.S. MAIL:**  Each such envelope was deposited in a facility regularly maintained at the U.S. Postal Service for receipt of Express Mail at Los Angeles, California, with Express Mail postage paid.

☐ **HAND DELIVERY:**  I caused to be hand delivered each such envelope to the office of the addressee as stated on the attached service list.

☐ **UNITED PARCEL SERVICE:**  By placing in sealed envelope(s) designated by United Parcel Service ("UPS") with delivery fees paid or provided for, which I deposited in a facility regularly maintained by UPS or delivered to a UPS courier, at Los Angeles, California.

☐ **ELECTRONIC MAIL:**  By transmitting the document by electronic mail to the electronic mail address as stated on the attached service list.

☒ **E-FILING:**  By causing the document to be electronically filed via the Court's CM/ECF system, which effects electronic service on counsel who are registered with the CM/ECF system.

☐ **FAX:**  By transmitting the document by facsimile transmission.  The transmission was reported as complete and without error.

I declare under penalty of perjury that the foregoing is true and correct.

Date:  March 20, 2023               */s/ Donald W. Searles*
                                     Donald W. Searles

1

***SEC v. ANATOLY HURGIN, et al.***
United States District Court—Southern District of New York
Case No. 1:19-cv-05705-MKV

**SERVICE LIST**

Jason Gottlieb, Esq.
Edward P. Gilbert, Esq.
Daniel C. Isaacs, Esq.
Morrison Cohen LLP
909 Third Avenue
New York, NY 10022-4784
jgottlieb@morrisoncohen.com
egilbert@morrisoncohen.com
disaacs@morrisoncohen.com