UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

USDC SDNY
DOCUMENT
ELECTRONICALLY FILED
DOC #:
DATE FILED: 4/24/2023

SECURITIES AND EXCHANGE COMMISSION,

       Plaintiff,

   v.

ANATOLY HURGIN, ALEXANDER AUROVSKY, ABILITY COMPUTER & SOFTWARE INDUSTRIES LTD., AND ABILITY INC.,

       Defendants.

C.A. No. 1:19-CV-05705

**FINAL JUDGMENT AS TO DEFENDANTS ABILITY INC. AND ABILITY COMPUTER & SOFTWARE INDUSTRIES LTD.**

The Securities and Exchange Commission having filed a Complaint and Defendants Ability Inc. and Ability Computer & Software Industries Ltd. ("Defendants" or "Ability") having entered a general appearance; consented to the Court's jurisdiction over Defendants and the subject matter of this action; consented to entry of this Judgment without admitting or denying the allegations of the Complaint (except as to jurisdiction and except as otherwise provided herein in paragraph VII); waived findings of fact and conclusions of law; and waived any right to appeal from this Judgment:

I.

IT IS HEREBY ORDERED, ADJUDGED, AND DECREED that Defendants are permanently restrained and enjoined from violating, directly or indirectly, Section 10(b) of the Securities Exchange Act of 1934 (the "Exchange Act") [15 U.S.C. § 78j(b)] and Rule 10b-5 promulgated thereunder [17 C.F.R. § 240.10b-5], by using any means or instrumentality of

interstate commerce, or of the mails, or of any facility of any national securities exchange, in connection with the purchase or sale of any security:

    (a)    to employ any device, scheme, or artifice to defraud;

    (b)    to make any untrue statement of a material fact or to omit to state a material fact necessary in order to make the statements made, in the light of the circumstances under which they were made, not misleading; or

    (c)    to engage in any act, practice, or course of business which operates or would operate as a fraud or deceit upon any person.

IT IS FURTHER ORDERED, ADJUDGED, AND DECREED that, as provided in Federal Rule of Civil Procedure 65(d)(2), the foregoing paragraph also binds the following who receive actual notice of this Judgment by personal service or otherwise: (a) Defendants' directors, officers, agents, servants, employees, and attorneys; and (b) other persons in active concert or participation with Defendants or with anyone described in (a).

II.

IT IS HEREBY FURTHER ORDERED, ADJUDGED, AND DECREED that Defendants are permanently restrained and enjoined from violating Section 17(a) of the Securities Act of 1933 (the "Securities Act") [15 U.S.C. § 77q(a)] in the offer or sale of any security by the use of any means or instruments of transportation or communication in interstate commerce or by use of the mails, directly or indirectly:

    (a)    to employ any device, scheme, or artifice to defraud;

    (b)    to obtain money or property by means of any untrue statement of a material fact or any omission of a material fact necessary in order to make the statements made, in light of the circumstances under which they were made, not misleading;

or

(c) to engage in any transaction, practice, or course of business which operates or would operate as a fraud or deceit upon the purchaser.

IT IS FURTHER ORDERED, ADJUDGED, AND DECREED that, as provided in Federal Rule of Civil Procedure 65(d)(2), the foregoing paragraph also binds the following who receive actual notice of this Judgment by personal service or otherwise: (a) Defendants' directors, officers, agents, servants, employees, and attorneys; and (b) other persons in active concert or participation with Defendants or with anyone described in (a).

III.

IT IS HEREBY FURTHER ORDERED, ADJUDGED, AND DECREED that Defendants are permanently restrained and enjoined from violating Section 14(a) of the Exchange Act [15 U.S.C. § 78n(a)] and Rule 14a-9 [17 C.F.R. § 240.14a-9] promulgated thereunder, by the use of any means or instruments of transportation or communication in interstate commerce or of any facility of a national securities exchange or otherwise, to solicit or to permit the use of their names to solicit any proxy or consent or authorization in respect to any security (other than an exempted security) registered pursuant to the Exchange Act, by means of any proxy statement, form of proxy, notice of meeting or other communication, written or oral, containing any statement which, at the time and in light of the circumstances under which it is made, is false or misleading with respect to any material fact, or which omits to state any material fact necessary in order to make the statement therein not false or misleading or necessary to correct any statement in any earlier communication with respect to the solicitation of a proxy for the same meeting or subject matter which has become false or misleading.

IT IS FURTHER ORDERED, ADJUDGED, AND DECREED that, as provided in

Federal Rule of Civil Procedure 65(d)(2), the foregoing paragraph also binds the following who receive actual notice of this Judgment by personal service or otherwise:  (a) Defendants' directors, officers, agents, servants, employees, and attorneys; and (b) other persons in active concert or participation with Defendants or with anyone described in (a).

IV.

IT IS HEREBY FURTHER ORDERED, ADJUDGED, AND DECREED that Defendants are liable, jointly and severally, for disgorgement of $18,995,000.00, representing net profits as a result of the conduct alleged in the Complaint, together with prejudgment interest thereon in the amount of $6,477,462.54, for a total of $25,472,462.54, which obligation of $25,472,462.54 shall be deemed satisfied by Defendants' distribution of $6,500,000.00 (USD) to the Commission from the funds held in the put escrow account at the Hermetic trust services 1939 (Ltd.) (the "Put Escrow Account").  Defendants' distribution of $6,500,000.00 shall be executed by the Defendants' court-appointed trustee in the liquidation proceedings known as *In re Ability Inc.*, insolvency case number 39303-07-22 (the "Israel Liquidation").

Defendants may transmit payment electronically to the Commission, which will provide detailed ACH transfer/Fedwire instructions upon request.   Payment may also be made directly from a bank account via Pay.gov through the SEC website at http://www.sec.gov/about/offices/ofm.htm.  Defendants may also pay by certified check, bank cashier's check, or United States postal money order payable to the Securities and Exchange Commission, which shall be delivered or mailed to

    Enterprise Services Center
    Accounts Receivable Branch
    6500 South MacArthur Boulevard
    Oklahoma City, OK 73169

and shall be accompanied by a letter identifying the case title, civil action number, and name of

this Court; Ability Inc. as a defendant in this action; and specifying that payment is made pursuant to this Final Judgment.

Defendants shall simultaneously transmit photocopies of evidence of payment and case identifying information to the Commission's counsel in this action. By making this payment, Defendants relinquish all legal and equitable right, title, and interest in such funds and no part of the funds shall be returned to Defendants.

If Defendants' court-appointed trustee fails to instruct Hermetic trust services 1939 (Ltd.) to distribute $6,500,000.00 from the Put Escrow Account to the Commission, notwithstanding having Israeli judicial authorization to do so, within twenty (20) days of receipt of such authorization, the Commission has an allowed claim of $25,472,462.54 in the Israel Liquidation and may enforce the amount of $25,472,462.54 by using all collection procedures authorized by applicable law. The Commission foregoes any right to collect post-judgment interest on this award.

The Commission shall hold the funds collected in this action (collectively, the "Fund") until further order of the Court. The SEC may propose a plan to distribute the Fund to harmed investors subject to the Court's approval, and the Court shall retain jurisdiction over the administration of any distribution of the Fund.

V.

IT IS HEREBY FURTHER ORDERED, ADJUDGED, AND DECREED that the asset freeze over the Put Escrow Account and the preliminary injunction entered in the Court's July 29, 2021 Order (Dkt. No. 90) shall be and hereby is modified for the sole purpose of permitting the Hermetic trust services 1939 (Ltd.) to transfer $6,500,000.00 from the Put Escrow Account directly to the Commission.

The asset freeze over the Put Escrow Account and the preliminary injunction entered in the

Court's July 29, 2021 Order (Dkt. No. 90) shall remain in force and effect until the Commission receives $6,500,000.00 from the Put Escrow Account. Upon the Court's acknowledgment of notice from the Commission that the Commission has received the $6,500,000.00 from the Put Escrow Account, then the asset freeze over the Put Escrow Account and the preliminary injunction entered in the Court's July 29, 2021 Order (Dkt. No. 90) shall be lifted.

VI.

IT IS HEREBY FURTHER ORDERED, ADJUDGED, AND DECREED that none of the funds held in the Put Escrow Account shall be distributed, directly or indirectly, to Anatoly Hurgin or Alexander Aurovsky (the "Individual Defendants"), and the Individual Defendants shall not receive, directly or indirectly, any distribution in the Israeli Liquidation.

VII.

IT IS FURTHER ORDERED, ADJUDGED, AND DECREED that the Consent is incorporated herein with the same force and effect as if fully set forth herein.

VIII.

IT IS FURTHER ORDERED, ADJUDGED, AND DECREED that this Court shall retain jurisdiction of this matter for the purposes of enforcing the terms of this Judgment.

XI.

There being no just reason for delay, pursuant to Rule 54(b) of the Federal Rules of Civil Procedure, the Clerk is ordered to enter this Judgment forthwith and without further notice.

Dated: _____April 24, , __2023

_____
THE HON. MARY KAY VYSKOCIL
UNITED STATES DISTRICT JUDGE

The Clerk of Court respectfully is requested to close this case.

## PROOF OF SERVICE

I am over the age of 18 years and not a party to this action.  My business address is:

U.S. SECURITIES AND EXCHANGE COMMISSION,
444 S. Flower Street, Suite 900, Los Angeles, California 90071
Telephone No. (323) 965-3998; Facsimile No. (213) 443-1904.

On April 7, 2023, I caused to be served the document entitled **FINAL JUDGMENT AS TO DEFENDANTS ABILITY, INC. AND ABILITY COMPUTER & SOFTWARE INDUSTRIES LTD.** on all the parties to this action addressed as stated on the attached service list:

☐ **OFFICE MAIL:**  By placing in sealed envelope(s), which I placed for collection and mailing today following ordinary business practices.  I am readily familiar with this agency's practice for collection and processing of correspondence for mailing; such correspondence would be deposited with the U.S. Postal Service on the same day in the ordinary course of business.

☐ **PERSONAL DEPOSIT IN MAIL:**  By placing in sealed envelope(s), which I personally deposited with the U.S. Postal Service.  Each such envelope was deposited with the U.S. Postal Service at Los Angeles, California, with first class postage thereon fully prepaid.

☐ **EXPRESS U.S. MAIL:**  Each such envelope was deposited in a facility regularly maintained at the U.S. Postal Service for receipt of Express Mail at Los Angeles, California, with Express Mail postage paid.

☐ **HAND DELIVERY:**  I caused to be hand delivered each such envelope to the office of the addressee as stated on the attached service list.

☐ **UNITED PARCEL SERVICE:**  By placing in sealed envelope(s) designated by United Parcel Service ("UPS") with delivery fees paid or provided for, which I deposited in a facility regularly maintained by UPS or delivered to a UPS courier, at Los Angeles, California.

☒ **ELECTRONIC MAIL:**  By transmitting the document by electronic mail to the electronic mail address as stated on the attached service list.

☒ **E-FILING:**  By causing the document to be electronically filed via the Court's CM/ECF system, which effects electronic service on counsel who are registered with the CM/ECF system.

☐ **FAX:**  By transmitting the document by facsimile transmission.  The transmission was reported as complete and without error.

I declare under penalty of perjury that the foregoing is true and correct.

Date:  April 7, 2023                             */s/ Donald W. Searles*

                                                                Donald W. Searles

***SEC v. ANATOLY HURGIN, et al.***
United States District Court—Southern District of New York
Case No. 1:19-cv-05705-MKV

### SERVICE LIST

Jason Gottlieb, Esq.
Edward P. Gilbert, Esq.
Daniel C. Isaacs, Esq.
Morrison Cohen LLP
909 Third Avenue
New York, NY 10022-4784
jgottlieb@morrisoncohen.com
egilbert@morrisoncohen.com
disaacs@morrisoncohen.com


Gill Oren, Managing Partner
ArnonTL
132 Begin Road, Azrieli Center
Tel Aviv 6702101
Israel
gil@arnontl.com


S. Christopher Provenzano, Esq.
Jennifer Bader, Esq.
Provenzano Granne & Bader LLP
1330 Avenue of the Americas, Suite 23A
New York, NY 10019
chris.provenzano@pgbfirm.com
jennifer.bader@pgbfirm.com